UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

Hilda Hutchinson,
          Plaintiff,
          v.

Case No. 1:25-cv-06166-OEM-VMS

NewRez LLC d/b/a Shellpoint Mortgage Servicing,
          Defendant.

_____

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Plaintiff Hilda Hutchinson, appearing pro se, will move this Court, pursuant to **Federal Rule of Civil Procedure 12(f)**, for an order striking certain affirmative defenses 2-13 contained in Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing's Answer (ECF No. 9) as legally insufficient, redundant, immaterial, and conclusory.

This motion is made upon this Notice, the attached **Memorandum of Points and Authorities**, the **Table of Defenses to be Stricken**, the **Affirmation of Plaintiff**, the **pleadings, papers on file, and Exhibits filed herewith**, and upon such further evidence or argument as the Court may consider.

Dated: January 28, 2026
Brooklyn, New York

Respectfully submitted,

**Hilda Hutchinson**
Pro Se Plaintiff

REC'D IN PRO SE OFFICE
JAN 28 '26 PM 12:48

377 E. 98th Street
Brooklyn, NY 11212
Tel: 646-884-1909


To: Friedman Vartolo LLP
    Sean K. Monahan, Esq.
    85 Broad Street, Suite 501
    New York, NY 10004

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

Hilda Hutchinson,

        Plaintiff,

          v.                  Case No. 1:25-cv-06166-OEM-VMS


NewRez LLC d/b/a Shellpoint Mortgage Servicing,

          Defendant.

---

**AFFIRMATION OF PLAINTIFF IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S BOILERPLATE AFFIRMATIVE DEFENSES**


I, Hilda Hutchinson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action, appearing pro se.

2. I have read the accompanying Motion to Strike Defendant's Boilerplate Affirmative Defenses Pursuant to Federal Rule of Civil Procedure 12(f) and know the contents thereof.

3. The facts stated in the Motion and Memorandum of Points and Authorities are true and correct to the best of my knowledge, information, and belief.

I respectfully submit this Affirmation in support of my Motion to Strike Defendant's Affirmative Defenses.


Dated: January 28, 2026

     Brooklyn, New York


Hilda Hutchinson

Pro Se Plaintiff

377 E. 98th Street

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

Hilda Hutchinson,
        Plaintiff,

     v.                           Case No. 1:25-cv-06166-OEM-VMS

NewRez LLC d/b/a Shellpoint Mortgage Servicing,
             Defendant.

---

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Local Civil Rule 7.1, this memorandum supports Plaintiff's Motion to Strike.

Defendant filed its Answer on January 22, 2026, asserting seventeen (17) affirmative defenses. Many (12) of these defenses are conclusory, boilerplate recitations, and fail to provide the requisite factual basis, as required under **Fed. R. Civ. P. 8(b)(1) and 12(f) or** fair notice as required by Fed. R. Civ. P. 8(b)(1)(A) and 8(c). Courts routinely strike such defenses to narrow the issues and prevent unnecessary litigation delays.

**II.** This Fair Debt Collection Practices Act ("FDCPA") action arises from Defendant's continued collection efforts on a time-barred debt, in direct violation of a 2016 **Kings County Supreme Court Temporary Restraining Order ("TRO")**, attached hereto as **Exhibit A (NYSCEF Doc. No. 2161)** and (2) Defendant's own admission that the statute of limitations expired July 1, 2021 (Ex. B)

That TRO expressly prohibited any misrepresentation of the "character, amount, or legal status of a debt," barred threats of foreclosure or disclosure of nonpayment, and stayed "any action to establish or enforce any claim" against Plaintiff, **including filing or attempting to file any foreclosure action**.

Despite these prohibitions, Defendant's Answer asserts affirmative defenses such as "good faith," "privilege or justification," and "lawful conduct," directly contradicting the TRO's restrictions. Accordingly, those defenses are legally deficient as a matter of record.

**III.** In addition, Exhibit B, a July 2, 2025 correspondence from Shellpoint Mortgage Servicing to Plaintiff and the New York State Department of Financial Services, contains multiple factual admissions fatal to Defendant's affirmative defenses. Shellpoint expressly acknowledged that the **statute of limitations expired on July 1, 2021**, waived $22,157.97 in purported debt, and confirmed that

**no foreclosure referral or legal action was initiated** concerning the subject property. These admissions directly contradict the defenses of "good faith," "lawful conduct," "privilege," and "statute of limitations." An affirmative defense inconsistent with a party's own documented admissions is "insufficient as a matter of law" and properly stricken under Rule 12(f). See *Allstate Ins. Co. v. Long Island Power Auth.*, No. 14-CV-444(JS)(AYS), 2015 U.S. Dist. LEXIS 23668, at *8–9* (E.D.N.Y. Feb. 27, 2015).

## IIII. LEGAL STANDARD

**Federal Rule of Civil Procedure 12(f)** permits striking "any insufficient defense" or "redundant, immaterial, or impertinent or scandalous matter *See* **Fed. R. Civ. P. 12(f)**. The Second Circuit requires affirmative defenses to provide "fair notice" of both the defense's legal theory and underlying facts. Sheldon v. Vermonty, 269 F.3d 120, 123 (2d Cir. 2001); *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). The Court to strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Courts in the **Eastern District of New York** routinely strikes conclusory "laundry list" defenses. See Allstate Ins. Co. v.  Long Island Power Auth., No. 14-CV-444(JS)(AYS), 2015 U.S. Dist. LEXIS 23668, at 8-9 (E.D.N.Y. Feb. 27, 2015) ("Conclusions, without supporting facts, are insufficient to constitute affirmative defenses."); Gssime v. Nassau Cnty., No. 09-CV-5581(JS)(ARL), 2014 U.S. Dist. LEXIS 26168, at *2 (E.D.N.Y. Feb. 28, 2014)  (striking vague defenses).

## IV. DEFENSES TO BE STRICKEN 2-13 ARE INSUFFICIENT AS A MATTER OF LAW

| Defense No. | Reason for Strike |
|---|---|
| 2 | "Documentary evidence" – vague, no specific documents identified |
| 3 | "Unjust enrichment" – conclusory, no facts alleged |
| 4 | "Laches, estoppel, waiver" – boilerplate, no dates or conduct specified |
| 5 | "Statute of Frauds" – bare legal conclusion, no factual support, legally inapplicable to FDCPA |
| 6 | "Ratification/approval" – conclusory, vague, no specific acts alleged |
| 7 | "Offsets" – speculative, no amounts claimed, payment, or basis stated |
| 8 | "Lack of standing" – insufficient factual basis, no explanation why plaintiff lacks |
| 9 | "Bad faith/fraud" – conclusory, no Rule 9(b) particularity |
| 10 | "Ratification" – redundant with Defense 6, no new facts alleged |
| 11 | "Unclean hands" – boilerplate, no specific plaintiff misconduct alleged tied to FDCPA claims |
| 12 | "Statute of limitations" – vague, no specific limitations period cited or accrual date identified |
| 13 | "Res judicata/collateral estoppel" – no specific prior judgments identified, contradicts their ¶36 admission of 2018 judgment |

**Note:** Defenses 1, 14–17 are either legally necessary, properly reserved, or lack a factual deficiency and may remain.  All others **should be stricken** as improper under Rule 12(f).

## IVV. WHY THIS MOTION SHOULD BE GRANTED

Courts in this District, including before Magistrate Judge Scanlon, frequently strike boilerplate or conclusory defenses to streamline cases and focus discovery. As the

Second Circuit requires, an affirmative defense must provide **fair notice and a factual basis** (*Sheldon v. Vermonty*, 269 F.3d 120, 2001). Here, Defenses 2–13 provide **no factual detail, are duplicative, or are legally insufficient**, making them proper targets for Rule 12(f) relief. Granting this motion will narrow discovery and reduce litigation costs.

## XX. Why These Defenses Are Prejudicial and Not Harmless

Defendant asserts numerous affirmative defenses that broadly attack Plaintiff's standing, good faith, and the legal status of the alleged debt, while ignoring prior court orders restricting debt collection conduct related to the same loan.

As reflected in the Kings County Supreme Court's Order to Show Cause with Temporary Restraining Order (Ex. A), Defendant's predecessors were judicially restrained from engaging in certain collection activities. Yet Defendant pleads defenses such as bad faith, ratification, and lack of standing without any factual acknowledgment of these proceedings.

Allowing such boilerplate defenses to stand would unfairly expand discovery, confuse the issues, and undermine Rule 8's notice requirement. Rule 12(f) exists precisely to prevent this result.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Strike Defenses 2–13** from Defendant's Answer as legally insufficient and boilerplate; and

2. Grant such other and further relief as the Court deems just and proper.

**Dated:** January 28, 2026

**Respectfully submitted,**

Hilda Hutchinson
Pro Se Plaintiff
377 E. 98th Street
Brooklyn, NY 11212
Telephone: 646-884-1909

Exhibit H

No. 4843029

## Certification

**STATE OF NEW YORK, COUNTY OF KINGS, SS:**

I, Nancy T. Sunshine, County Clerk and Clerk of Supreme Court Kings County,

do hereby certify that on December 16, 2025 I have compared

the document attached hereto,

Index# 504743/2015, Order to Show Cause, Filed 12/16/2025 page(s) 1-9

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

NANCY T. SUNSHINE
KINGS COUNTY CLERK

FILED: KINGS COUNTY CLERK 12/16/2025 02:55 PM
NYSCEF DOC. NO. 2161

INDEX NO. 504743/2015
RECEIVED NYSCEF: 12/16/2025

At IAS Part ___8___, of the Supreme Court
of the State of New York, held in and for
the County of KINGS, at the Courthouse
located at 360 Adams Street, Brooklyn,
New York on the 5th day of January
20 16.

PRESENT : HON. Bert Bunyan
_____
Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY
------------------------------------------------------X     INDEX NO. 504743/2015

HILDA HUTCHINSON,
                              Plaintiffs,               ORDER TO SHOW CAUSE
                                                       IN CIVIL ACTION WITH
        -against-                                      TEMPORARY RESTRAINING
                                                       ORDER (T.R.O.)
GREEN TREE SERVICING LLC; EVERBANK
FINANCIAL CORP A/K/A EVERBANK, A/K/A
EVERHOME MORTGAGE COMPANY F/K/A ALLIANCE
MORTGAGE COMPANY, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC,;
                              Defendants.
------------------------------------------------------X

    Upon reading and filing the Summons and Complaint, filed the 4th day of

May 2015 and the affidavit in support of Order to Show Cause sworn to the

4th day of January , 20 16 and the exhibits attached thereto,

namely **Exhibits "A (osc)"** contract Assumption Agreement, Deed I received on

7/24/2002, and Mortgage documents I received in 2015 from NY Building Dept.,

**Exhibit "B"** Defendant demand for payment, **Exhibit "L"** Filed Complaint,

affidavit of service, **Exhibit "M"** Verified Answer, **Exhibit "N"** Green Tree

Servicing merge agreement and certification on the name change, **Exhibit "O"**

FILED: KINGS COUNTY CLERK 12/16/2025 02:55 PM
NYSCEF DOC. NO. 2161

INDEX NO. 504743/2015
RECEIVED NYSCEF: 12/16/2025

defendant 7/31/2015 letter to plaintiff, **Exhibit "P"** plaintiff 8/6/2015 letter,

**Exhibit "R"** defendant 9/18/2015 letter to plaintiff, **Exhibit "S"** defendant

9/23/2015 monthly billing statement to plaintiff, **Exhibit "T"** defendant

10/12/2015 letter to plaintiff, **Exhibit "U"** defendant 12/16/2015 monthly billing

statement sent to plaintiff, **Exhibit "V"** defendant 12/17/2015 letter sent to

plaintiff, **Exhibit "Q"** Police Report, Identity Theft Victims' Complaint and

Affidavit, **Exhibit "W"** Affidavit of Notice, **Exhibit "K(osc)"**, **Exhibit "6(oso)"**
**Exhibit "5" and Exhibit "7"**.

Let the party or attorney in opposition show cause at I.A.S. Part __8__,

Room __438__, of this Court, to be held at the Courthouse, 360 Adam Street,

Brooklyn, New York, on the 27th day of January, 20 16 at 9:30 A.M. o'clock in

the fore noon or soon as the parties to this proceeding may be heard why an

order should not be issued, providing the following relief for a order, Pursuant to

CPLR order granting to amend caption in this action and an order pursuant CPLR

§ 6301, 6311 & 6313 granting Preliminary Injunction, Temporary Restraining

Order to stay an action being taken by defendants, and such other and further relief

as may to the Court seem just and proper, for the reasons that, **I am a victim of**

**Identity Theft. I never sign or apply for any loan for the Unauthorized**

**Account from defendants, I have no contractual obligation for the account**

**defendant has been harassed and threaten me about.** Defendant has been

threaten and harassing me, among other things defendant did, defendant on

FILED: KINGS COUNTY CLERK 12/16/2025 02:55 PM

NYSCEF DOC. NO. 2161

INDEX NO. 504743/2015

RECEIVED NYSCEF: 12/16/2025

December 17, 2015 and on other occasions defendant stated, **"If these payments are not received within 30 days from the date of this letter 01-16-16, you run the risk of being foreclosed on and you could lose your home. Additionally, a deficiency judgment could be sough against you to hold you responsible for any losses that might result"**, this threat was about Unauthorized Account, one of my action in the complaint. I need immediate protection because I believe I'm in danger due to defendant threats. I received a letter dated July 31, 2015 from Defendants attorney who stated, **"You are prohibited from contacting Green Tree Servicing, LLC"**. I ask the Court to prohibited defendant from contacting me. I received defendant letters, statement, and/or write transmission, directly or indirectly results in a "duress" event has occurred under the terms on NY Laws;

I believe the Court should enter a preliminary injunction, and Temporary Restraining Order pending final ruling on the complaint, against defendants, enjoining them from further violations of the FDCPA, New York General Business Law, CPLR, and imposing such additional relief as may be appropriate.

SUFFICIENT CAUSE THEREFOR BEING ALLEGED, IT IS

ORDERED that, PROHIBITED REPRESENTATIONS AND DEBT

COLLECTION ACTIVITIES that in connection with the collection or the

attempted collection of any debt, Defendants and their successors, assigns, officers,

FILED: KINGS COUNTY CLERK 12/16/2025 02:55 PM
NYSCEF DOC. NO. 2161

INDEX NO. 504743/2015
RECEIVED NYSCEF: 12/16/2025

agents servants, employees, and attorneys, and those persons or entities in active

concert or participation with any of them who receive actual notice of this Order

by personal service or ~~otherwise~~, whether acting directly or through any

corporation, subsidiary, division, or other device, are hereby temporarily restrained

and enjoined from;

ORDERED that, Misrepresenting, or assisting others who are

misrepresenting, expressly or by implication, orally or in writing, any of the

following; the character, amount, or legal status of a debt;

ORDERED that, Communicating with any person other than plaintiff

through defendants attorney, a consumer reporting agency if otherwise permitted

by law, the creditor, the attorney of the creditor, or the attorney of the debt collector

for purposes other than acquiring location information about plaintiff, without

having obtained directly the prior consent of plaintiff or the express permission of

a court of competent Communicating or threatening to communicate the nature of

a claim to the debtor's employer prior to obtaining final judgment against the

debtor;

ORDERED that, Disclosing or threatening to disclose information

concerning the existence of that non-payment of a purported debt will result in the

seizure, garnishment, foreclosure or attachment of plaintiff property;

FILED: KINGS COUNTY CLERK 12/16/2025 02:55 PM    INDEX NO. 504743/2015
NYSCEF DOC. NO. 2161    RECEIVED NYSCEF: 12/16/2025

ORDERED that, any Defendants or any other person who has taken, intends to take, or has authority to take formal legal action against plaintiff who fails to pay any debt: or that non-payment of a purported debt will result in plaintiff arrest, the seizure, foreclosure, garnishment or attachment of plaintiff property;

ORDERED that, Disclosing or threatening to disclose information concerning the existence of a debt known to be disputed by the debtor without disclosing that fact;

ORDERED that, threatening to take action that is not lawful or that any Defendant or any other person does not intend to take;

ORDERED that, Collecting fees that are not expressly authorized by the agreement creating the debt or permitted by law;

ORDERED that, Continuing to collect on a debt after being informed that the plaintiff did not owe the debt without any reasonable basis for doing so;

ORDERED that, using any false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning plaintiff;

ORDERED that, failing to provide plaintiff, within five days after the initial communication with plaintiff, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the plaintiff, within thirty days after receipt of the notice, disputes the

FILED: KINGS COUNTY CLERK 12/16/2025 02:55 PM
NYSCEF DOC. NO. 2161

INDEX NO. 504743/2015
RECEIVED NYSCEF: 12/16/2025

validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants; (4) a statement that if the plaintiff notifies Defendants in writing within the thirty-day period that the debt, or any portion there of is disputed, Defendants will obtain verification of the debt or a copy of a judgment against the plaintiff and a copy of such verification or judgment will be mailed to the plaintiff by Defendants;

ORDERED that, defendants and their successors, assigns, officers, agents servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from threaten, abuse, follow, harass, or interfere with plaintiff, plaintiff's children, or people who live with plaintiff, on the telephone, or by other means;

ORDERED that, Defendants and their successors, assigns, officers, agents servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby enjoined to stay away from any place plaintiff request including plaintiff's home, plaintiff friend's home, or any place where plaintiff seek shelter;

FILED: KINGS COUNTY CLERK 12/16/2025 02:55 PM

NYSCEF DOC. NO. 2161

INDEX NO. 504743/2015

RECEIVED NYSCEF: 12/16/2025

STAY OF ACTIONS  IT IS FURTHER ORDERED that, Except by leave of this Court, Defendants ~~and all other persons and entities be and hereby are~~ *their, agents, servants, officers, employees* stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of. in, or in the name of, the Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, ~~or the Receiver or he~~ *the* ~~Receiver's duly authorized agents acting in their capacities as such. including, but not limited to the following actions;~~

~~ORDERED that, commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding;~~

ORDERED that, Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien: taking or attempting to take possession, custody, or control of ~~any asset~~. *377 E98th St, Bklyn NY 11212* attempting to foreclose, forfeit. alter, or terminate any interest in ~~any asset~~. *377 E98th St, Bklyn NY 11212* ~~whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;~~

~~ORDERED that, during the pendency of this proceeding, The Defendants shall seek on instruction from the Court before responding to or taking any action with respect to assertions, allegations, notice, relating to the subject matter of this proceeding.~~

FILED: KINGS COUNTY CLERK 12/16/2025 02:55 PM
NYSCEF DOC. NO. 2161

INDEX NO. 504743/2015
RECEIVED NYSCEF: 12/16/2025

*plaintiffs seeks that*

ORDERED that, defendants name in this action be amended to DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC; EVERBANK FINANCIAL CORP A/K/A EVERBANK, A/K/A EVERHOME MORTGAGE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC,; in the caption of this action. ( A copy of the merger agreement and certification of the name change is annexed hereto as Exhibit "N" ).

ORDERED that, Defendants and their successors, assigns, officers, agents servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by ~~personal service or otherwise~~, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby enjoined from and restrained from engaging in the following acts or practices:  filing or attempting to file any foreclosure action against HILDA HUTCHINSON and/or Hilda Hutchinson or attempting, in any manner, to remove HILDA HUTCHINSON and/or Hilda Hutchinson from the property 377 E 98th Street Brooklyn, New York 11212 Block 3594 Lot 5.

*Stay*

FILED: KINGS COUNTY CLERK 12/16/2025 02:55 PM                    INDEX NO. 504743/2015

NYSCEF DOC. NO. 2161                                         RECEIVED NYSCEF: 12/16/2025

Sufficient cause appearing there for, let personal service of a copy of this

order, the affidavit in support, and all other papers upon which this order be

granted upon the attorneys for all parties and all unrepresented parties who have

and any other parties entitled to notice,

appeared in this action on or before the ___20th___ day of ___January___, 2016

be deemed good and sufficient. An affidavit or other proof of service shall be

presented to this Court on the return date fixed above.

ENTER

J.S.C.
HON. BERT BUNYAN

Exhibit B

# shellpoint.

75 Beattie Place, Suite LL202
Greenville, SC 29601

Toll Free Phone: 1-800-365-7107
Toll Free Fax: 1-866-467-1137

*Hours of Operation*
Monday-Friday: 8:00AM-9:00PM EDT
Saturday: 10:00AM-2:00PM EDT

July 2, 2025

Hilda Hutchinson
377 E 98th St
Brooklyn, NY 11212

RE:   Case #:                      BKM-2025-01646825
      Original Lender:             BNY Mortgage Company LLC
      Original Loan #:             375065
      Current Lender:              NewRez LLC d/b/a Shellpoint Mortgage Servicing
      Date of Last Payment:        December 14, 2015
      Reference #:                 579915206
      Account #:                   xxxxx3434
      Homeowner's Name:            Hilda Hutchinson
      Property Address:            377 East 98th Street, Brooklyn, NY 11212

Dear Hilda Hutchinson:

This letter is in response to correspondence received by Shellpoint Mortgage Servicing ("Shellpoint") from the New York State Department of Financial Services on June 4, 2025 regarding the above-referenced property. We understand that by filing a dispute with the New York State Department of Financial Services, we are authorized to respond to them. We further understand you are requesting assistance with the loan. Please know that we take our customer service and consumer protection obligations seriously and have dedicated staff to identify and resolve your concerns.

In your correspondence, you assert that the mortgage associated with the subject property was discharged and extinguished pursuant to a quiet title judgment. You demand cessation of all collection activities and the disbursement of escrow funds, written confirmation that the account has been closed, and the removal of any negative reporting to the Credit Reporting Agencies ("CRAs"). Additionally, you request a full account history and a detailed explanation of any claims Shellpoint asserts in relation to this matter, including the complete chain of title and the original promissory note.

Based on our research, it was determined that on July 24, 2002, you purchased the property located at 377 East 98th Street, Brooklyn, New York (Block 3594, Lot 5) from NHS Community Development Corp. The deed executed in connection with the sale was conditioned upon your assumption of a promissory note in the original principal amount of $160,050.00, secured by a mortgage on the property. Accordingly, you entered into an assumption agreement pertaining to both the note and the mortgage. Servicing of the loan was subsequently undertaken by Ditech Financial LLC (formerly known as Green Tree Servicing) as of May 2, 2014.

The recorded quiet title is not associated with the subject property securing your mortgage. It has been determined it is associated with the default of an unrelated party. All pending actions involving Ditech and the Supreme Court have previously held that the validity of the mortgage is not in question. Shellpoint is servicing your loan in accordance with investor guidelines, and we will continue to maintain the escrow account on your loan as is necessary to pay for taxes and insurance to protect our interest in the property.

Upon reviewing the loan documentation, we confirmed that your loan is associated with the original property address of 384 Legion Avenue, which has since been redesignated as 377 East 98th Street, Brooklyn, NY 11212. Shellpoint has updated the property address accordingly in our servicing system and is providing you with copies of the original promissory note, mortgage, and the assumption agreement you executed to assume the remaining debt associated with this loan.

Please be advised that no foreclosure referral was initiated by Shellpoint, nor was any legal action filed in connection with a foreclosure on the subject property. Upon review, it was previously determined that the statute of limitations applicable to your loan

:02572LJ

expired on July 1, 2021. As a result, on May 2, 2025, Shellpoint waived $22,157.97 and adjusted the loan's due date from July 1, 2015, to October 1, 2019.

As of the date of this correspondence, the total amount required to bring the loan current is $126,379.56 (the "Amount Due"). Please note that this figure is subject to change due to the accrual of interest, application of payments or credits, and the addition of any applicable fees or other permissible charges. To obtain an updated payoff amount, please contact our office at 1-800-365-7107.

Please know that the information submitted to the Consumer Reporting Agencies, ("CRAs") was sent in compliance with the Fair Credit Reporting Act. While the loan was past due, Shellpoint submitted information to the CRAs reporting it as such. Shellpoint is obligated to furnish the CRAs with accurate information and will not remove the reported delinquencies.

Although Shellpoint regrets any inconvenience, our review has not identified any errors in the handling of your case. You have the right to request supporting documentation for our determination, which has been enclosed for your reference.

Thank you for your business and the opportunity to assist you. If you have any further questions or need additional support, please visit our website at www.shellpointmtg.com. You're also welcome to contact us directly at 1-800-365-7107. For quick answers to common questions, log in to your account on our website, click on Help, and select FAQs from the drop-down menu.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al número 1-800-365-7107.

Sincerely,

John Ventura
Compliance Department
Shellpoint Mortgage Servicing

Enclosures: Loan History Statement, Copies of Mortgage Note, Mortgage Security Instrument, and Assumption Agreement, Breach Demand Letter, Monthly Statement

Cc: New York State Department of Financial Services

## Please read the following important notices as they may affect your rights.

Newrez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Newrez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

**Attention Servicemembers and Dependents: The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances during and twelve months after the servicemember's military or other service. Counseling for covered servicemembers is available from Military OneSource (800-342-9647) and the United States Armed Forces Legal Assistance or other similar agencies. For more information, please visit the Military OneSource website www.militaryonesource.mil/.**

### Notice of Error or Information Request Address

You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us. Additionally, if you believe we have furnished inaccurate information to credit reporting agencies, please write to us with specific details regarding those errors and any supporting documentation that you have and we will assist you. Error Resolution, including concerns of inaccurate information sent to credit reporting agencies, or requests for information should be sent to the following address: Shellpoint Mortgage Servicing P.O. Box 10826 Greenville, SC 29603-0826